UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| BEEF PRODUCTS, INC.; BPI TECHNOLOGY, INC.; and FREEZING MACHINES, INC., | ) ) ) ) | CIV. 12-4183-KES |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| AMERICAN BROADCASTING COMPANIES, INC.; ABC NEWS, INC.; DIANE SAWYER; JIM AVILA; DAVID KERLEY; GERALD ZIRNSTEIN; CARL CUSTER; and KIT FOSHEE, | ) ) ) ) ) ) ) ) ) ) | ORDER GRANTING PLAINTIFFS' MOTION TO REMAND |
| Defendants. | ) | |

Plaintiffs Beef Products, Inc. (BPI), BPI Technology, Inc. (BPI Tech), and Freezing Machines, Inc. (FMI) (collectively, "plaintiffs") originally brought this action on September 13, 2012, in the Circuit Court of Union County, South Dakota. Defendants[1] removed the action to this court on October 24, 2012, on the basis of diversity jurisdiction. Docket 1 at 2. Plaintiffs now move to remand this action back to the Circuit Court of Union County, South Dakota, arguing that diversity jurisdiction does not exist. Defendants resist the motion and

---

[1] At times in this opinion the court may use the term "defendants" when only referring to an action by one defendant. This is done for simplicity and should not be taken to mean that all of the defendants acted collectively throughout the relevant time period.

simultaneously move to dismiss all claims asserted by BPI Tech and FMI, arguing that they are not real parties in interest. For the following reasons, the court grants plaintiffs' motion to remand.

## BACKGROUND

BPI is in the business of producing, distributing, and selling lean beef products and is incorporated in Nebraska. BPI Tech is in the business of developing technology and processing mechanisms for producing meat products from raw materials and provides technological support, sales and marketing services, and administrative services in connection with the sale of lean beef products. BPI Tech is incorporated in Delaware. FMI is in the business of developing equipment, systems, recipes, and processing mechanisms used in the production of meat products and also owns patents on equipment used in preparing lean beef products. FMI is also incorporated in Delaware. All three plaintiffs are involved with the production of lean finely textured beef (LFTB).[2] BPI, BPI Tech, and FMI are all owned by the Roth family.

Of the named defendants in this action, the most relevant for purposes of this motion are American Broadcasting Companies, Inc. and ABC News, Inc. Both of these defendants are in the news business, and both are incorporated in Delaware.

---

[2] Whether all three plaintiffs are "producers" of LFTB is heavily disputed by the parties. Because the court's ruling on plaintiffs' motion is made independent from this determination, the court abstains from making any such determination.

In the spring of 2012, defendants published a series of news reports about LFTB. Plaintiffs claim that these news reports included false and disparaging statements about LFTB as well as false and disparaging statements about each plaintiff. Plaintiffs also claim that they each suffered financial and reputational harm as a result of defendants' actions.

Based on these claims, plaintiffs brought a civil action in the Circuit Court of Union County, South Dakota, on September 13, 2012, alleging claims for defamation, product disparagement, and tortious interference with business relationships. Defendants then removed the case to this court on October 24, 2012, asserting that the court has diversity jurisdiction. In the notice of removal, defendants claim that BPI Tech and FMI are not real parties in interest, and their citizenship should not be considered in determining whether diversity jurisdiction exists. Plaintiffs now move to remand this action back to the Circuit Court of Union County, South Dakota, arguing that BPI Tech and FMI are real parties in interest, and thus, their citizenship must be considered for purposes of determining diversity jurisdiction.

## LEGAL STANDARD

"A defendant's removal of a case to federal court is appropriate only if the action originally could have been filed there." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 444 (8th Cir. 2010) (internal quotations omitted). Following removal, a "plaintiff may move to remand the case if the district court lacks subject matter jurisdiction." *Id.* "The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro Prods. Liab. Litig.*,

591 F.3d 613, 620 (8th Cir. 2010). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.* If the defendant fails to meet its burden of establishing federal jurisdiction, the district court "must" remand the case. *Junk*, 628 F.3d at 444.

### DISCUSSION

Defendants argue that subject matter jurisdiction exists on the basis of diversity jurisdiction because BPI Tech and FMI are not real parties in interest and should not be considered for purposes of determining diversity of citizenship. This court "does not have diversity jurisdiction unless there is diversity between all plaintiffs and all defendants." *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 403-04 (8th Cir. 1977). *See also Cascades Dev. of MN, LLC v. Nat'l Specialty Ins.*, 675 F.3d 1095, 1098 (8th Cir. 2012) ("Diversity jurisdiction requires complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship.") (internal quotations omitted). If a "nondiverse plaintiff is not a real party in interest, and is purely a formal or nominal party, his or its presence in the case may be ignored in determining jurisdiction." *Id.* at 404. But if a nondiverse plaintiff is a real party in interest, "the fact that his joinder was motivated by a desire to defeat federal jurisdiction is not material." *Id.* Accordingly, the issue here is whether either BPI Tech or FMI is a real party in interest because complete diversity does not exist if either plaintiff is a real party in interest.[3]

---

[3] Plaintiffs BPI Tech and FMI and defendants American Broadcasting Companies, Inc. and ABC News, Inc. are all Delaware corporations.

"A real party in interest is the person who, under governing substantive law, is entitled to enforce the right asserted." *Cascades*, 675 F.3d at 1098 (citing *Iowa Pub. Serv. Co.*, 556 F.2d at 404). In this diversity case, the governing substantive law is the law of South Dakota.[4] *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.").

Both BPI Tech and FMI allege claims for defamation, product disparagement, and tortious interference. Because BPI Tech's claims for defamation are dispositive of plaintiffs' motion to remand, the court focuses its analysis exclusively on those claims.

To determine whether BPI Tech is a real party in interest with respect to its defamation claims, the court must decide whether BPI Tech is "entitled to enforce" its defamation claims. *Cascades*, 675 F.3d at 1098 (citing *Iowa Pub. Serv. Co.*, 556 F.2d at 404). Under South Dakota law, "[e]very person is obligated to refrain from infringing upon the right of others not to be defamed."[5] SDCL 20-11-1. Thus, any person who is defamed, or at least believes he or she has been defamed, may bring a civil action against the party who allegedly did the

---

[4] The parties agree that South Dakota's substantive law controls this diversity case.

[5] "To determine whether the requirement that the action be brought by the real party in interest has been satisfied, the court must look to the substantive law creating the right being sued upon to see if the action has been instituted by the party possessing the substantive right to relief." 6A Charles A. Wright, Arthur R. Miller, & Mary K. Kane, *Federal Practice & Procedure* § 1544, 484 (2010).

defaming. In this case, BPI Tech is alleging that defendants defamed BPI Tech by making false statements about BPI Tech's product and by making statements that implied false facts about BPI Tech itself. Docket 1-2 at 14-15.

Because BPI Tech is alleging that defendants defamed BPI Tech, the court finds that BPI Tech is entitled to enforce its defamation claims and is a real party in interest. BPI Tech is not bringing its defamation claims on behalf of another party, e.g., BPI or FMI. *See, e.g., Hanna Mining Co. v. Minnesota Power & Light Co.*, 573 F. Supp. 1395, 1398 (D. Minn. 1983) (indicating that a party may not be a real party in interest if they are attempting to "usurp" another person's cause of action). Nor have defendants indicated that BPI Tech assigned its right to bring a defamation claim to another person, or even that BPI Tech received its right through an invalid assignment. *See, e.g., Johnson Int'l Co. v. Jackson Nat'l Life Ins. Co.*, 19 F.3d 431, 437 (8th Cir. 1994) ("The real party in interest is the party holding the right sought to be enforced, not necessarily the party who will ultimately benefit from recovery."); *Cascades*, 675 F.3d at 1099 (indicating that a party who receives the right to enforce an indemnification through an invalid assignment would not be a real party in interest). In all likelihood BPI Tech is the *only* real party in interest with respect to BPI Tech's claims for defamation because it is unlikely that a separate person or entity would be able to bring a defamation claim on the basis that BPI Tech was defamed.[6]

---

[6] Defendants direct the court to *Campbell v. Jewish Comm. for Pers. Serv.*, 271 P.2d 185 (Cal. Dist. Ct. App. 1954), in support of their argument that BPI Tech is not the real party in interest with respect to BPI Tech's defamation claims. But *Campbell* is a case from the California District Court of Appeals

Defendants rely heavily on their assertion that the alleged false statements are not "of and concerning" BPI Tech in support of their argument that BPI Tech is not a real party in interest. Defendants claim that the alleged false statements are only "of and concerning" BPI, and therefore, only BPI can bring a defamation claim based on the alleged false statements. *See Rosenblatt v. Baer*, 383 U.S. 75, 82 (1966) (requiring a finding that the defamatory statements be "of and concerning" the plaintiff); *Brodsky v. Journal Publ'g Co.*, 42 N.W.2d 855, 857 (S.D. 1950) ("It must appear that the alleged defamatory language refers to some ascertained or ascertainable person and that person must be the plaintiff."). Defendants further assert that it is for the court to decide whether the alleged false statements are "of and concerning" BPI Tech. Based on these assertions, defendants argue that it is "appropriate, therefore, for this Court to review the alleged statements and determine whether they are reasonably susceptible to an interpretation that refers to BPI Tech . . . . Indeed, it is necessary to do so to determine whether those companies, in addition to [BPI], can claim the status of real parties in interest." Docket 68 at 30.

Defendants' argument, however, goes against Eighth Circuit Court of Appeals precedent. The Eighth Circuit has specifically held that the "fact that a

---

that is not binding on the court. Furthermore, *Campbell* is distinguishable from the facts here. In *Campbell*, the plaintiff attempted to bring a defamation lawsuit on behalf of his brother, claiming that he was his brother's guardian. 271 P.2d at 187. Upon review, the court concluded that the plaintiff was not his brother's guardian and thus could not bring a defamation claim on behalf of his brother. Here, BPI Tech is not attempting to bring a defamation suit on behalf of another person. BPI Tech claims that defendants defamed BPI Tech.

plaintiff's claim may lack legal or factual merit does not necessarily mean that he lacks standing to assert the claim as a real party in interest." *Iowa Pub. Serv. Co.*, 556 F.2d at 405. Therefore, the court declines defendants' invitation to analyze the merits of BPI Tech's defamation claims for purposes of determining if BPI Tech is a real party in interest.

      Not only does defendants' argument go against Eighth Circuit precedent, it also goes against reason. Here, the court needs to determine whether BPI Tech is a real party in interest to determine whether it has authority to hear this case, i.e., whether diversity jurisdiction exists. Defendants' argument, however, proposes that the court first entangle itself with the facts of the case in order to make a legal determination about whether BPI Tech's claim has merit. Put simply, defendants are suggesting that the court make a determination about the merits of BPI Tech's claim before even deciding whether it has the authority to make such a determination. This is putting the cart before the horse.

      Thus, the court finds that BPI Tech is a real party in interest. Because BPI Tech is a real party in interest, complete diversity of citizenship does not exist between plaintiffs and defendants.[7] Accordingly, it is

---

[7] The Eighth Circuit summarized the scenario here in *Iowa Pub. Serv. Co.*, 556 F.2d at 406, when it noted:

> If under our dual court system a potential plaintiff has a choice between a state forum and a federal forum, it is his privilege to exercise that choice subject to legal limitations, and if he can avoid the federal forum by the device of properly joining a nondiverse defendant or a nondiverse co-plaintiff, he is free to do so.

ORDERED that plaintiffs' motion to remand (Docket 60) is granted, and the Clerk of Court will remand this case to the Circuit Court of Union County, South Dakota, from which it was removed.

IT IS FURTHER ORDERED that all remaining motions are denied without prejudice to the moving parties' rights to raise the motions in state court, if appropriate.

Dated June 12, 2013.

                                        BY THE COURT:

                                        /s/ *Karen E. Schreier*
                                        KAREN E. SCHREIER
                                        UNITED STATES DISTRICT JUDGE